In re AMERICAN CONTINENTAL CORPORATION/LINCOLN SAVINGS AND LOAN SECURITIES LITIGATION.

Charles H. KEATING, Jr., et al., Plaintiffs,

v.

The OFFICE OF THRIFT SUPERVISION, Defendant.

MDL No. 834.
No. CIV 91–622 PHX–RMB.

United States District Court, D. Arizona.

May 31, 1991.

**1054**

Stephen C. Neal, Kirkland & Ellis, Chicago, Ill., for plaintiffs.

Stephen Hart, Office of Thrift Supervision, Washington, D.C., for defendant.

### ORDER

BILBY, District Judge.

Plaintiffs, former officers and directors of Lincoln Savings and Loan Association ("Lincoln") have moved for injunctive relief against an administrative proceeding now in progress pursuant to a Notice of Charges filed by the Office of Thrift Supervision ("OTS"). In support of their request, plaintiffs argue that this Court *may* intervene because the administrative proceeding exceeds OTS's statutory authority, and *should* intervene because they will be irreparably harmed by the burden of the proceeding, another in a series of actions which they must defend.

■ In 12 U.S.C. § 1441a(b)(6), plaintiffs discern a grant of authority to the Resolution Trust Corporation ("RTC") rather than the Office of Thrift Supervision ("OTS") over institutions placed in conservatorship during 1989 but prior to the enactment of the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA").

Plaintiffs also point to section 1441a(b)(3)(A), which recites RTC's broad control as conservator or receiver over institutional assets, as authority for the proposition that RTC has exclusive jurisdiction over Lincoln.

Plaintiffs argue that Congress specifically conferred certain powers of the Federal Savings and Loan Insurance Corporation on OTS, but did not specifically transfer the power to prosecute cease-and-desist or removal orders. That power, plaintiffs argue, vested in the RTC.

Finally, plaintiffs argue that the Federal Home Loan Bank Board ("FHLBB") had authority to bring cease-and-desist actions only against federally chartered thrifts, not state chartered thrifts like Lincoln. Therefore, OTS could not have inherited enforcement power over Lincoln from the FHLBB.

### Statutory Analysis

The OTS was established pursuant to 12 U.S.C. § 1462a. Subsection (b) gives the Director of OTS authority to "prescribe such rules and regulations and issue such orders as the Director may determine to be necessary for carrying out [Chapter 12 entitled "Federal Savings and Loan Associations"]."

Subsection (e) provides:

The Director shall have all powers which—

(1) were vested in the FHLBB (in the Board's capacity as such) or the Chairman of such Board on the day before the date of the enactment of FIRREA; and

(2) were not—

(A) transferred to the Federal Deposit Insurance Corporation, the Federal Housing Finance Board, the RTC, or the Federal Home Loan Mortgage Corporation pursuant to any amendment made by such Act ...

Section 1463, entitled "Supervision of savings associations," provides:

(a) Federal savings associations

(1) In general

The Director shall provide for the examination, safe and sound operation, and regulation of savings associations.

(2) Regulations

The Director may issue such regulations as the Director determines to be appropriate to carry out the responsibilities of the Director or the Office.

Section 1462(4) defines "savings association" as "a savings association, as defined in section 1813, the deposits of which are insured by the [FDIC]."

Section 1813 defines "savings association" to include any federal *or state* savings association. (Emphasis added.)

Section 1813(q), entitled "Appropriate Federal banking agency," defines that term to mean "the *Director of OTS* in the case of *any savings association* or any savings and loan holding company." (Emphasis added.)

Section 1818, entitled "Termination of status of insured depository institution," sets out OTS's authority to bring cease-and-desist and removal actions. Subsection (b) authorizes OTS, for reasonable cause, to issue a "notice of charges," and upon notice and a hearing, bring a cease-and-desist action upon a finding of any violation or unsafe and unsound condition, and "further, to take affirmative action to correct the conditions resulting from any such violation or practice." 12 U.S.C. § 1818(b)(1).

The "affirmative action" OTS may undertake is delineated at section 1818(b)(6). OTS has the authority to require the institution or party to—

(A) make restitution or provide reimbursement, indemnification, or guarantee against loss if—

(i) such depository institution or such party was unjustly enriched in connection with such violation or practice; or

(ii) the violation or practice involved a reckless disregard for the law or any applicable regulations.

Subsection 1818(e), entitled "Removal and prohibition authority," authorizes OTS to "serve upon [any institution-affiliated party found to have violated a regulation] a written notice of the agency's intention to remove such party from office or to prohibit any further participation by such party, in any manner, in the conduct of the affairs of any insured depository institution." 12 U.S.C. § 1818(e)(1).

Subsection 1818(e)(7) provides that any person who has been removed or suspended from office in an institution "may not, while such order is in effect, continue or commence to hold any office in, or participate in any manner in the conduct of the affairs of any insured depository institution." 12 U.S.C. § 1818(e)(7).

Section 1441a(b)(6), on which plaintiffs rely, states:

As of August 9, the [Resolution Trust] Corporation shall succeed the [FSLIC] as conservator or receiver with respect to any institution for which the FSLIC was appointed conservator or receiver during the period beginning on January 1, 1989 and ending on August 9, 1989.

This section focuses on RTC's role as conservator or receiver, and is consistent with section 1441a(b)(3), which establishes RTC's responsibilities for institutions placed in conservatorship or receivership from January 1989 through three years from the date of enactment of FIRREA. It does not confer enforcement powers and cannot be construed to do so in the face of the explicit grants of enforcement power to OTS found elsewhere in FIRREA and referenced herein.

Moreover, the authority over assets conferred on RTC in section 1441a(b)(3)(A), however broad, is not commensurate with an express grant of enforcement power, and cannot be so construed for the same reasons.

In summary, FIRREA designates RTC as the manager of the assets of failed or failing thrifts. It is OTS, however, which polices the banking regulations. OTS has specific authority to issue both cease-and-desist and removal orders, and possesses other enforcement powers as well. OTS is specifically authorized, for example, to pursue restitution for violations of banking regulations, and to enjoin institution-affiliated parties from engaging in conduct with respect to any savings and loan.

■ These are different legal causes of action than those contained in RTC's com-

plaint, which is based on the Racketeer Influenced and Corrupt Organizations Act. RTC has the authority to sue and be sued in its corporate capacity, by virtue of authority vested in FDIC, and as successor to the rights of Lincoln, pursuant to 12 U.S.C. § 1441a(b)(4), § 1441a(b)(10)(F), and § 1821(d).

■ Finally, FIRREA precludes the Court's jurisdiction over OTS proceedings under these circumstances:

> except as otherwise provided in this section no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under this section, or to review, modify, suspend, terminate or set aside any such notice or order.

12 U.S.C. § 1818(i). This jurisdictional provision pertains to section 1818, which authorizes the enforcement proceedings OTS is currently pursuing against plaintiffs.

The Court is concerned that the OTS administrative proceeding may be redundant in important practical respects with an effort well underway by its sister federal agency, and questions whether the return on the investment of additional resources will be sufficient to justify the expenditure of those resources in the public interest. Nevertheless, the Court finds that the statutory authority under which OTS proceeds is clear.

Based on and in consideration of the foregoing, the Plaintiffs' Motion for Permanent Injunction is DENIED. Defendant's Motion to Dismiss is GRANTED.